UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS (DELTA DIVISION)

| | |
|---|---|
| RILEY CATTLE FARM LLC, D/B/A<br>CITY FEED & SUPPLY | PLAINTIFF(S) |
| V.    CASE NO. 2:22-cv-00021-JM | |
| CIT BANK; CIT BANK, INC.; THE CIT<br>GROUP/EQUIPMENT FINANCING, INC.;<br>FIRST-CITIZENS BANK AND TRUST<br>COMPANY; COMMERICAL RELATIONSHIP<br>RECOVERY, INC.; AND GRIFFITH TOWING, LLC | DEFENDANT(S) |

## ANSWER

COMES NOW Separate Defendant, Commercial Relationship Recovery, Inc. ("Defendant") by and through its attorneys, Spicer Rudstrom, PLLC, and for its Answer, states:

1. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 1 of the Plaintiff's Complaint and therefore denies same.

2. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 2 of the Plaintiff's Complaint and therefore denies same.

3. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 3 of the Plaintiff's Complaint and therefore denies same.

4. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 4 of the Plaintiff's Complaint and therefore denies same.

5. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 5 of the Plaintiff's Complaint and therefore denies same.

6. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 6 of the Plaintiff's Complaint and therefore denies same.

7. Defendant admits the allegations of Paragraph 7 of the Plaintiff's Complaint.

8. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 8 of the Plaintiff's Complaint and therefore denies same.

9. Defendant denies the allegations of Paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Plaintiff's Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Plaintiff's Complaint.

12. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 12 of the Plaintiff's Complaint and therefore denies same.

13. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 13 of the Plaintiff's Complaint and therefore denies same.

14. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 14 of the Plaintiff's Complaint and therefore denies same.

15. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 15 of the Plaintiff's Complaint and therefore denies same.

16. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 16 of the Plaintiff's Complaint and therefore denies same.

17. Defendant denies the allegations of Paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Plaintiff's Complaint.

19. Defendant does not have sufficient information to admit or deny the allegations of Paragraph 19 of the Plaintiff's Complaint and therefore denies same.

20. Defendant denies the allegations of Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Plaintiff's Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Plaintiff's Complaint.

25. Defendant joins the Plaintiff's jury demand.

26. Defendant denies the allegations of Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations of the Paragraph of the Plaintiff's Complaint that begins WHEREFORE, and denies that the Plaintiff is entitled to any relief from this Defendant whatsoever.

28. Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

29. Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(4) of the FRCP for insufficiency of process.

30. Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(5) of the FRCP for insufficiency of service of process.

31. Defendant affirmatively pleads that Plaintiff has failed to state claims upon which relief can be granted and that the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

32. Defendant affirmatively pleads that Plaintiff's claims are barred and/or limited by Plaintiff's failure to mitigate, obviate, diminish or otherwise act to lessen or reduce the damages alleged in Plaintiff's Complaint.

33. If Plaintiff sustained any alleged damages or losses, those damages or losses were caused by persons and/or entities over whom Defendant had no control and for whom Defendant

is not responsible, which either bars the claims completely or else diminishes the damages by the proportion of such culpable conduct.

34. Defendant affirmatively pleads the incident described in Plaintiff's Complaint resulted from circumstances and conditions beyond the control of Defendant.

35. Defendant affirmatively pleads that the direct and proximate cause of any alleged damages or losses sustained by Plaintiff was the negligence of others in failing to exercise the degree of care that a reasonably prudent person would have exercised under the same or similar circumstances.

36. If there is any actionable liability of Defendant, the existence of which is specifically denied in every way, such liability should be compared to the fault of Plaintiff and all persons or entities who contributed to the alleged injury or damage to property, tangible or intangible, regardless of whether the person or entity has or could have been named as a party to this action. Defendant affirmatively asserts that any liability must be allocated against Defendant in direct proportion to the fault attributed to Defendant. Defendant affirmatively states that Plaintiff's alleged damages were directly and proximately caused by the superseding intervening acts and conduct of others, thereby precluding Plaintiff from any recovery from Defendant.

37. Defendant specifically reserves the right to seek contribution pursuant to the Arkansas Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. §§ 16-61-201, et seq., and against any tortfeasor whether or not judgment has been rendered or recovered against all or some of them.

38. Defendant specifically reserves the right to seek a setoff pursuant to the Arkansas Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. §§ 16-61-201, et seq., for any and all settlements Plaintiff has entered into or may enter into regarding this matter.

39. Defendant asserts spoliation of evidence on the part of Plaintiff or individuals associated with Plaintiff acts as a complete bar to any and all claims brought by Plaintiff.

40. Defendant affirmatively states that Plaintiff may not recover any amount of damages because Plaintiff's fault is fifty percent (50%) or greater.

41. Defendant asserts that it cannot be held jointly liable for any judgment entered against any other actor, party, or defendant in this matter and that its liability, the existence of which is specifically denied, would be several only in nature.

42. Defendant adopts all affirmative defenses asserted by any co-Defendant to this action to the extent said affirmative defenses inure to the benefit of Defendant.

43. Defendant specifically reserves the right to assert any and all additional affirmative defenses available under common law and the Arkansas Code that discovery may reveal to be appropriate.

44. Defendant moves to dismiss one or more of the claims set out in the Complaint pursuant to the doctrine of election of remedies.

45. Pleading affirmatively, the Defendant denies and objects to those Paragraphs in the Plaintiff's Complaint seeking punitive damages in that any award of punitive and/or exemplary damages in this case would violate the Defendant's due process and equal protection rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, Sections 2, 3, and 8 of the Arkansas Constitution.

46. Among other things, if the Court allows the jury to consider the financial condition, wealth and/or financial responsibility of the Defendant in determining the size of such damage award, the imposition of punitive and/or exemplary damages in this case will violate Section 1 of

the Fourteenth Amendment of the United States Constitution and Article 2, Sections 2 and 3 of the Arkansas Constitution, all of which guarantee equal protection of the laws.

47. Further, the imposition of punitive and/or exemplary damage in this case would violate the equal protection provision of the Federal and State Constitutions in that applicable law provides no objective guidelines for the type of conduct for which a punitive and/or exemplary damage award may be imposed or for the size of the punitive and/or exemplary damages award, thus permitting arbitrary punishment. To the extent the Court does not adopt certain procedural constitutional safeguards in the submission of punitive and/or exemplary damage evidence and issues, the imposition of such a damage award in this case will violate Section 1 of the Fourteenth Amendment of the United States Constitution, which guarantees due process of law and Article 2, Section 8 of the Arkansas Constitution which guarantees due process.

48. Among other constitutional protections, the Defendant is entitled to a bifurcation of any "punishment phase" of this case from other issues in the unlikely event of a liability finding against the Defendant, and a unanimous jury verdict with respect to the punitive and/or exemplary damages issue in this case and the right to require that the Plaintiff prove entitlement to punitive and/or exemplary damages by a higher standard of proof than a mere preponderance of the evidence.

49. Further, the imposition of such a damage award in this case violates the due process clauses of the United States Constitution and the Arkansas Constitution because the standard for the imposition of punitive and/ or exemplary damages lacks objective guidelines and invites the jury to engage in capricious and discriminatory application of the law.

50. The Defendant affirmatively pleads entitlement to bifurcated proceedings regarding any and all allegations of entitlement to punitive damages wherein the jury shall be required to

first determine the liability of the Defendant for compensatory damages, the amount of compensatory damages to be awarded, and, at the discretion of the circuit court, the liability of the Defendant for punitive damages if warranted by the evidence, and should it be necessary, the jury will then determine the amount of punitive damages to be awarded.

51. The Defendant pleads all applicable provisions of the Arkansas Civil Justice Reform Act and the Arkansas Uniform Contribution Among Tortfeasors Act.

52. The Defendant pleads as a defense that it was not negligent.

53. Defendant specifically reserves the right to file all counterclaims, cross-claims, and third-party claims that discovery may reveal to be appropriate.

54. Defendant specifically reserves the right to amend this Answer and file other pleadings and motions as appropriate.

WHEREFORE, Separate Defendant, respectfully requests this Court to deny all relief sought by Plaintiff, dismiss Plaintiff's Complaint, grant Defendant its costs, expenses, and attorney's fees incurred in defending this action, and for all other just and proper relief to which it is entitled.

Respectfully submitted,

Spicer Rudstrom, PLLC
425 West Capitol Avenue, Suite 3175
Little Rock, Arkansas 72201
(501) 537-0845
(501) 537-0853, *facsimile*
shester@spicerfirm.com

By: _____
STEPHEN A. HESTER, ABN 2002031

## CERTIFICATE OF SERVICE

I, Stephen A. Hester, do hereby certify that a true and correct copy of the foregoing has been served *via ECF* this 24 day of February 2022, upon all counsel of record

_____
STEPHEN A. HESTER